# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LAURANCE TOKARSKI, *et al.,* ) <br> ) <br> Defendants. ) | Case No. 2:10-cv-00231-RLH-PAL <br><br> **ORDER** <br><br> (Mot. Appear Telephonically - Dkt. #29) |

Before the court is the Motion to Appear Telephonically (Dkt. #29) filed by Defendants Christopher Charles and Darren Prum, Special Administrators of the Estate of Baby Boy Charles, and Morgan Charles. The district judge set this case for trial and directed the undersigned to conduct a settlement conference at the close of discovery. The court, therefore, entered a standard order scheduling a settlement conference which requires individual parties to appear in person. Defendants Christopher Charles and Morgan Charles live in Indiana and request leave to appear telephonically asserting requiring them to travel to this district would create an undue hardship and significant financial burden. Additionally, as this is a declaratory relief action to determine whether USAA Casualty Insurance's policy applies to the death of Baby Boy Charles, the individual Defendants' participation at the settlement conference is not likely to assist resolution of this case.

Plaintiffs filed an opposition (Dkt. #31) to the motion arguing that, the Defendants have ample time to make preparations for the settlement conference, and that the only way for the settlement conference to be effective is if all parties attend.

The court agrees the personal attendance of individual parties is ordinarily necessary to conduct a meaningful settlement conference, and that there is ample time for these individual Defendants to make advance arrangements to minimize the expense and inconvenience of travel. However, discovery

closed November 2, 2010 and the parties have until December 2, 2010 to file dispositive motions. As it appears there are a number of legal issues that may be resolved or narrowed at the dispositive motion stage, the court will deny the request without prejudice to refile after decision of dispositive motions.

Having reviewed and considered the matter,

**IT IS ORDERED** the individual Defendants' Motion to Appear Telephonically (Dkt. #29) is **DENIED without prejudice**.

Dated this 8th day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge