# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, )<br>                                )<br>                    Plaintiff, )<br>                                )<br>vs.                             )<br>                                )<br>LAURANCE TOKARSKI, *et al.,*    )<br>                                )<br>                    Defendants. )<br>_____) | Case No. 2:10-cv-00231-RLH-PAL<br><br>**ORDER** |

Before the court is a Renewed Motion to Appear Telephonically (Dkt. #33) filed by Defendants Christopher Charles; Darren Prum, Special Administrator of the Estate of Baby Boy Charles, deceased; and Morgan Charles. The court has considered the renewed Motion, Plaintiff's Opposition (Dkt. #34), and Defendants' Reply (Dkt. #36).

This is an action for declaratory judgment filed by Plaintiff USAA arising out of a foster parents' liability policy. USAA seeks a declaratory judgment and has filed a Motion for Summary Judgment (Dkt. #35) January 6, 2011, seeking a judgment that it has no further duty to indemnify or defend two underlying civil actions arising out of the death of Baby Boy Charles on August 4, 2006. Baby Boy Charles died while in the foster care of Melanie Ochs and Laurance Tokarski. USAA issued a homeowners policy to Defendants Ochs and Tokarski which was in effect between June 27, 2006, and June 27, 2007. The policy contains an exclusion for coverage caused by the intentional or purposeful acts of an insured, including conduct that would reasonably be expected to result in bodily injury to any person. On September 6, 2007, the estate and heirs of Baby Boy Charles filed a wrongful death/civil rights action naming Ochs as a Defendant. USAA retained a law firm to defend Ochs in the underlying litigation pursuant to a reservation of rights. Ochs was convicted of the first degree murder of Baby Boy Charles October 29, 2009, and sentenced to twenty to fifty years in prison on February 14, 2010.

USAA argues in the pending Motion for Summary Judgment that Ochs' conviction conclusively establishes that she acted with the intent to kill Baby Boy Charles, and that as a matter of law, there is no coverage under the policy.

In a Minute Order (Dkt. #25) entered September 9, 2010, the district judge referred the case to the undersigned upon the close of discovery, January 3, 2011, to schedule a settlement conference, and then set a trial date for June 8, 2011.  The court set a settlement conference for April 13, 2011, at 1:30 p.m., well before trial, and entered a standard Order (Dkt. #27) requiring the personal appearance of all counsel of record who will be participating in the trial who have full authority to settle this case, all individual parties, and a representative of the insurance carrier with authority to settle up to the full amount of the claim or last demand.  In the current motion, Defendants indicated the deadline to file dispositive motions passed December 2, 2010.  However, on September 9, 2010, the court approved the parties' stipulation extending the deadlines for completing discovery from November 2, 2010, to January 3, 2011, and gave the parties until January 31, 2011, in which to file dispositive motions. Defendants Christopher Charles and Morgan Charles currently reside in Indiana, and request that they be permitted to appear telephonically because traveling would create a significant financial burden on them.  Additionally, because Plaintiff's Complaint seeks a legal determination of rights under the homeowners policy, these Defendants are incapable of "adding to the legal discussions of rights", and have hired legal counsel to represent them, there is little they can contribute appearing in person.  Mr. Charles' co-administrator, Darren Prum, is a local attorney who will be present in person if required. Defendants Christopher and Morgan Charles therefore request permission to appear at the settlement conference telephonically.

USAA opposes the motion asserting that the only way a settlement conference will be effective is if all parties are present.  Defendants have more than ample time to make arrangements to attend the conference, which is not scheduled until April 2011.

Defendants' reply reiterates that it would be an unnecessary economic hardship to require the Defendants to be present.

The court has reviewed and considered the moving and responsive papers, as well as the Motion for Summary Judgment recently filed by the Plaintiff.  The court will require the Special Administrator

of the estate to be personally present for the settlement conference, but will grant the request of individual Defendants Christopher Charles and Morgan Charles to participate telephonically.

**IT IS ORDERED**:

1. Defendants' Renewed Motion (Dkt. #33) is **GRANTED** to the extent that Defendants Christopher Charles and Morgan Charles may appear at the settlement conference telephonically. Both Defendants shall be available for the duration of the settlement conference.

2. Darren Prum, Special Administrator of the Estate of Baby Boy Charles, deceased, shall appear in person.

Dated this 12th day of January, 2011.

_____
Peggy A. Leen
United States Magistrate Judge